UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERCURY INSURANCE COMPANY
OF FLORIDA, a/s/o McNatt Plumbing, Inc.,

    Plaintiff,

v.                                                    CASE NO: 8:08-cv-745-T-23EAJ

GREGORY LAMAR ALLEN and LEROY
COLLINS,

    Defendants.
_____/

**ORDER**

About December 13, 2007, the plaintiff sued Lamar Allen and Leroy Collins in Hillsborough County Small Claims Court. Proceeding pro se, Leroy Collins (who is incarcerated at a federal correctional institute in Estill, South Carolina) removed the action on December 26, 2007, to the United States District Court for the District of South Carolina, Columbia Division. Collins's Notice of Removal (Doc. 1) alleges jurisdiction based on a counterclaim he intends to assert under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Stating that the defendant "alleges violation of a federal statute, possibly bringing the state case within the jurisdiction of a federal district court under the removal statute," the United States Magistrate Judge transferred the case to the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1406(a) (providing that a case laying venue in the wrong district or division may be transferred to "any district or division in which it could have been brought" if the transfer is "in the interests of justice") and 28 U.S.C. § 1446(a) (providing that a removable state-court

action must be removed to "the district court of the United States for the district and division within which such action is pending").  However, the Notice of Removal and the Statement of Claim demonstrate that this action is not removable.

Section 1441(a) provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ."  Under the well-pleaded complaint rule, the existence of a federal question is determined by the plaintiff's complaint.[1]  Accordingly, the federal counterclaim Collins plans to assert in his answer provides no basis for removal jurisdiction[2] and no other basis exists.[3]

---

[1] Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).

[2] Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); 14B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3722 (1994) ("The federal claim or right that provides the predicate for removal to federal court [may not] appear for the first time in the defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant."); 15 James Wm. Moore et al., Moore's Federal Practice § 103.41("Under the [well-pleaded complaint] rule, neither the presence of a federal defense nor a federal counterclaim is sufficient to establish federal question jurisdiction.").

[3] Although in the Notice of Removal also asserts generally that "Defendant claims diversity jurisdiction," the Notice of Removal includes no allegation that the jurisdictional minimum amount in controversy is satisfied and the plaintiff's "Statement of Claim-Affidavit of Claim" demonstrates that the defendant cannot meet his burden of proof as to the amount in controversy.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994) (if the plaintiff asserts a specific claim for less than the jurisdictional amount, the defendant must prove to a legal certainty that the plaintiff, if he prevails, will recover less than the jurisdictional minimum).  The Statement of Claim (Doc. 2) alleges that "[t]his is an action for subrogation and/or damages that does not exceed Five Thousand Dollars ($5,000)."  Moreover, the Statement of Claim itemizes the damage to a 1999 Ford Van (allegedly stolen and partly stripped by the defendants) owned by the plaintiff's insured and attaches proof of the damage, which (excluding interest and costs) amounts to $3,283.00.  Additionally, the Notice of Removal includes no allegation as to the citizenship of either defendant.  Cf. Statement of Claim ¶ 3 (stating that the defendants were at all material times "residents of Florida or since have become non-residents, or are otherwise concealing their whereabouts."); 28 U.S.C. § 1441(b) (providing that diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

- 2 -

Accordingly, this case is **REMANDED** to state court.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on April 30, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE